IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

HENRY MAXWELL/RASULALLAH,
ADC #80266                                                                                              PLAINTIFF

v.                                          5:05CV00240HLJ

LARRY NORRIS, et al.                                                                        DEFENDANTS

## **INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the

1

>    hearing before the District Judge in the form of an offer of
>    proof, and a copy, or the original, of any documentary or
>    other non-testimonial evidence desired to be introduced at
>    the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>    Clerk, United States District Court
>    Eastern District of Arkansas
>    600 West Capitol Avenue, Suite 402
>    Little Rock, AR 72201-3325

## DISPOSITION

## PROPOSED FINDINGS & RECOMMENDATION

Plaintiff, a state prisoner incarcerated at the Varner Unit of the Arkansas Department of Correction (ADC), has filed a complaint pursuant to 42 U.S.C. § 1983. In his complaint, plaintiff complains that he has been denied eligibility for parole based on the retroactive application of a state statutory provision. Plaintiff states defendants have discriminated against him in violation of the Fourteenth Amendment Due Process and Equal Protection Clauses by denying him parole eligibility. Plaintiff asks for declaratory and injunctive relief.

Pursuant to the Prison Litigation Reform Act (PLRA), the Court is required to screen complaints seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(b)(1), (2).

In this case, the Court finds that plaintiff is in fact seeking release or a shortening of the duration of his confinement, and therefore, that the appropriate cause of action should be one for habeas corpus relief. See Wilson v. Lockhart, 949 F.2d 1051 (8th Cir. 1991). In addition, in Offet v. Solem, 823 F.2d 1256 (8th Cir. 1987), the court held that state remedies must be exhausted when a federal decision might indirectly lead to a change in the duration of confinement by requiring reconsideration of a prisoner's status.   Plaintiff has not indicated to the Court that any state remedies have been exhausted.

The Court also notes that matters pertaining to the parole process are usually governed by state statute and therefore, are matters of state law, without questions of constitutional magnitude. In Wiggins v. Lockhart, 825 F.2d 1237 (8th Cir. 1987), the Court noted that the district court held, citing, Schwindling v. Smith, 777 F.2d 431, 432-22 (8th Cir. 1985), the state courts are the exclusive forum for resolving an inmate's challenge to the manner in which his parole eligibility date is determined. Section 1983 specifically requires that a violation of a federally-protected right be alleged and demonstrated. However, in this case, plaintiff has not demonstrated a denial of a federally-protected right, given the fact that there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence. Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1 (1979). The Arkansas Parole statute, Ark. Code Ann. § 16-93-201-206 (Supp. 1997), establishes only the possibility of parole. Nothing in the Arkansas statutes create a right of an inmate to release on parole which would invoke due process protection, Robinson v. Mabry, 476 F.Supp. 1022, 1023 (E.D.AR 1979), and parole officials are entitled to consider many factors in their determination of whether to grant parole, including prior criminal history and number of offenses, and may also fix the time and conditions of the parole.

In conclusion, the Court finds that this complaint should be dismissed without prejudice to refiling after plaintiff has exhausted his state remedies. Accordingly,

IT IS, THEREFORE, ORDERED that plaintiff's complaint be DISMISSED without prejudice.

IT IS SO ORDERED this 31st day of August, 2005.

_____
United States Magistrate Judge